| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE |
| Case number *(if known)* _____ Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| **1.** | **Debtor's name** | **Fallbrook Technologies Inc.** | |
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | NuVinci Cycling <br> Enviolo | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-1027116** | |
| **4.** | **Debtor's address** | **Principal place of business** <br><br> **505 Cypress Creek Road, Suite L** <br> **Cedar Park, TX 78613** <br> Number, Street, City, State & ZIP Code <br><br> **Williamson** <br> County | **Mailing address, if different from principal place of business** <br><br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **http://www.fallbrooktech.com** | |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor  **Fallbrook Technologies Inc.**                                                 Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**3336**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ☒ Yes.

Debtor **See attached Schedule 1**        Relationship _____
District **Delaware**    When _____  Case number, if known _____

Debtor  **Fallbrook Technologies Inc.**                                    Case number (*if known*)  _____
       Name

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
      Contact name _____
      Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Fallbrook Technologies Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   2/26/2018
                     MM / DD / YYYY

**X** /s/ Roy Messing                                    **Roy Messing**
Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** /s/ Kenneth J. Enos                                Date  2/26/2018
Signature of attorney for debtor                          MM / DD / YYYY

**Kenneth J. Enos**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 North King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-5003**      Email address   **kenos@ycst.com**

**4544**
Bar number and State

## Schedule 1 to Chapter 11 Petition

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion will be filed contemporaneously herewith requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Fallbrook Technologies Inc.

1. Fallbrook Technologies Inc.

2. Fallbrook Technologies International Co.

3. Hodyon, Inc.

4. Hodyon Finance, Inc.

# RESOLUTIONS OF THE BOARD OF DIRECTORS
# OF FALLBROOK TECHNOLOGIES INC.

**WHEREAS**, reference is hereby made to that certain Debtor-In-Possession Term Loan Credit Agreement, dated as of the date hereof (the "**Agreement**"), by and among the Company, as a DIP Borrower, certain subsidiaries of the Company from time to time party thereto, as Guarantors, the DIP Lenders from time to time party thereto and Kayne Credit Opportunities Fund (QP), LP, a Delaware limited partnership, as the DIP Agent. All initially capitalized terms used but not defined herein shall have the respective meanings ascribed thereto in the Agreement;

**WHEREAS**, the obligation of the DIP Lenders to make each Loan to the DIP Borrower under the Agreement is subject to the Borrower having satisfied certain conditions described in the Agreement;

**WHEREAS**, the Company will obtain benefits from the Loans made under the Agreement;

**WHEREAS**, the Board of Directors of the Company has been informed of the material terms of the Loan Documents to be executed by the Company, and have determined that it is in the best interest of the Company to enter into the Loan Documents to which it is a party, and to grant the liens and security interests required therein, and such Loan Documents may reasonably be expected to benefit, directly or indirectly, the Company;

**WHEREAS**, the Board of Directors of Fallbrook Technologies Inc. (the "**Company**") has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, and credit market conditions; and

**WHEREAS**, the Board of Directors has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "**Bankruptcy Code**").

**Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other interested parties, that a voluntary petition (the "**Petition**") be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by the Company under the provisions of the Bankruptcy Code.

**RESOLVED FURTHER**, that any officer of the Company, including the Chief Restructuring Officer (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, appointed as the Company's authorized representatives, and in such capacity,

01:22912624.1

acting alone or together, with power of delegation, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company, including in the Company's capacity as shareholder or member of its subsidiaries, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

**Retention of Professionals**

**RESOLVED FURTHER**, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Shearman & Sterling LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Shearman & Sterling LLP.

**RESOLVED FURTHER**, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ the firm of Ankura Consulting Group to provide the Company with a Chief Restructuring Officer, who shall be Roy Messing, along with additional personnel, as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers (other than the Chief Restructuring Officer), with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Ankura Consulting Group.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice and claims agent and administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

**DIP Financing**

**RESOLVED FURTHER**, that, in connection with the commencement of the Company's chapter 11 case, upon entry of an order by the Bankruptcy Court authorizing the Company's entry into a postpetition financing agreement, each of the Authorized Officers, is authorized and directed, to the extent necessary, to obtain or guarantee, as applicable, postpetition financing and use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral and the incurrence of debtor-in-possession financing in such amounts and on such terms as the Authorized Officers deem necessary or advisable (collectively, the "**DIP Financing**"), (ii) the execution and delivery of the Agreement and any other documents (including the Loan Documents) in connection with the Agreement or necessary or advisable to evidence the DIP Financing, including, without limitation, all term sheets, credit agreements, certificates and notes (and any modifications, supplements or changes thereto), (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and any amendments, supplements, or modifications thereto, as appropriate), (v) the granting of any liens on or security interests in any and all assets of the Company, (vi) the authorization of any filing or recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, and (vii) the execution and delivery of any deposit, securities and other account control agreements (and any amendments, supplements and other modifications thereto, as appropriate), and the Authorized Officers are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing.

**RESOLVED FURTHER**, that, the form, terms and provisions of, and transactions contemplated by, each of the Loan documents to which the Company is a party, substantially in the form reviewed by the undersigned, and the Company's delivery of the Loan Documents and its performance thereunder, be, and hereby are, in all respects, approved.

**RESOLVED FURTHER**, that each Authorized Officer be, and each of them, acting alone, is, hereby authorized in the name and on behalf of the Company to borrow such amounts permitted or provided to be borrowed by the Company pursuant to the Agreement.

**RESOLVED FURTHER**, that the Company, in its capacity as the direct or indirect sole shareholder of the shares of stock of each of its Subsidiaries hereby authorizes and approves in their entirety the execution by each such Subsidiary of the Loan Documents to which it is a party and all obligations of such Subsidiaries owed to the DIP Agent and the DIP Lenders arising thereunder.

**Restructuring Support Agreement**

**RESOLVED FURTHER,** that, in connection with the commencement of the Company's chapter 11 case, each of the Authorized Officers are authorized and directed to negotiate, execute and deliver that certain Restructuring Support Agreement (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**RSA**") by and among the Company, certain affiliates of the Company and the various parties thereto in substantially the form provided to the Authorized Officers.

**RESOLVED FURTHER**, that each of the Authorized Officers are authorized and directed to negotiate, execute and deliver such additional agreements, instruments, and documents to be entered into in connection with the confirmation of a plan of reorganization of the Company in the chapter 11 case, as may be contemplated or required by the RSA on the terms set forth in the RSA and such other terms and conditions as such Authorized Officers executing the same may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered, in the name and on behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**General**

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that all current members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution by the Board of Directors.

**RESOLVED FURTHER**, that this written consent may be executed in any one or more counterparts and shall be effective on the date on which all current members of the Board of Directors have executed a counterpart of this written consent.

**SECRETARIAL CERTIFICATE**

The undersigned, Secretary of Fallbrook Technologies Inc., a Delaware corporation (the "**Company**"), hereby certifies as follows:

1. I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.
2. Attached hereto is a true and complete copy of the Resolutions of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on February 25, 2018, by vote of the directors, in accordance with the bylaws of the Company.
3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 25th day of February, 2018.

By: /s/ Sharon O'Leary
    Name: Sharon O'Leary
    TITLE: SECRETARY

01:22912624.1

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Fallbrook Technologies Inc. et al. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the:   District of Delaware | |
| Case Number (If known): | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders       12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LTS CAPITAL PARTNERS - FALLBROOK VI, LLC ATTN: RICK INTRATER 104 TIBURON BLVD, SUITE 200 MILL VALLEY, CA  94941 | CONTACT: RICK INTRATER PHONE: 650 804-4000 | CONVERTIBLE NOTEHOLDER | | | | $5,407,813.00 |
| 2 | TRI STAR SECURITY PTE LTD 50 RAFFLES PLACE 32-01 SINGAPORE LAND TOWER SINGAPORE  048623  SINGAPORE | | TRADE DEBT | | | | $4,538,011.93 |
| 3 | ALLISON TRANSMISSION, INC. ATTN: VP, GENERAL COUNSEL AND SECRETARY ONE ALLISON WAY INDIANAPOLIS, IN  46204 | PHONE: 317 242-5000 rickltscapital.org | CONVERTIBLE NOTEHOLDER / BRIDGE NOTEHOLDER | | $7,052,276.57 | $3,248,035.00 | $3,804,241.57 |
| 4 | LTS CAPITAL PARTNERS - FALLBROOK VII, LLC ATTN: RICK INTRATER 104 TIBURON BLVD, SUITE 200 MILL VALLEY, CA  94941 | CONTACT: RICK INTRATER PHONE: 650 804-4000 | CONVERTIBLE NOTEHOLDER | | | | $1,635,184.02 |
| 5 | XAVIER MOSQUET 855 SHIRLEY RD BIRMINGHAM, MI  48009 | | CONVERTIBLE NOTEHOLDER | | | | $1,351,952.91 |
| 6 | NGEN III, L.P. ATTN: PETER GRUBSTEIN 733 THIRD AVENUE, 18TH FLOOR NEW YORK, NY  10017 | CONTACT: PETER GRUBSTEIN PHONE: 805 636-9547 grubsteinngenpartners.com | CONVERTIBLE NOTEHOLDER / BRIDGE NOTEHOLDER | | $1,091,319.76 | $541,339.00 | $549,980.76 |
| 7 | DESIREE MINCARELLI 4 AV. DES LIGURES MONTECARLO  98000  MONACO | | CONVERTIBLE NOTEHOLDER | | | | $506,982.97 |

Debtor: Fallbrook Technologies Inc.           Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | AUS LLC<br>ATTN: RUSSELL LEWIS<br>360 E. DESERT INN ROAD 1802<br>LAS VEGAS, NV 89109 | CONTACT: RUSSELL LEWIS<br>rlewisrhinolinings.com | CONVERTIBLE NOTEHOLDER | | | | $328,303.63 |
| 9 | WEISS FAMILY TRUST 62888<br>4841 RANCHO DEL MAR TRAIL<br>SAN DIEGO, CA 92130 | | CONVERTIBLE NOTEHOLDER | | | | $325,407.98 |
| 10 | MADISON VENTURES, LLC<br>ATTN: LEE DAVIS<br>2400 E. CHERRY CREEK DRIVE SOUTH 406<br>DENVER, CO 80209 | CONTACT: LEE DAVIS<br>PHONE: 917 494-4379<br>leeldavis.com | CONVERTIBLE NOTEHOLDER / BRIDGE NOTEHOLDER | | $486,926.98 | $216,536.00 | $270,390.98 |
| 11 | IRA M. LECHNER AND WINIFRED EILEEN HAAG TRUSTEES<br>IRA M. LECHNER AND WINIFRED EILEEN HAAG<br>FAMILY TRUST DTD 12100<br>19811 4TH PLACE<br>ESCONDIDO, CA 92029 | | CONVERTIBLE NOTEHOLDER | | | | $270,390.98 |
| 12 | DANA HOLDING CORPORATION<br>5900 183A TOLL ROAD<br>LEANDER, TX 78641 | CONTACT: ED GREIF<br>PHONE: 512 813-3996<br>ed.greifdana.com | TRADE DEBT | CONTINGENT/ UNLIQUIDATED | | | $220,336.36 |
| 13 | WOOLF FAMILY TRUST DATED APRIL 16, 1991<br>5855 OBERLIN DRIVE<br>SAN DIEGO, CA 92121 | CONTACT: BERTRAM WOOLF | CONVERTIBLE NOTEHOLDER | | | | $171,698.03 |
| 14 | VITTORIO GRIMALDI<br>29 RUE DU PORTIER<br>MONTECARLO 98000 MONACO | | CONVERTIBLE NOTEHOLDER | | | | $168,993.99 |
| 15 | LEE H. DAVIS LEGACY TRUST<br>FBO KIMBERLY DAVIS SPERLING<br>ATTN: LEE DAVIS<br>1700 LINCOLN STREET, SUITE 2550<br>DENVER, CO 80203 | CONTACT: LEE DAVIS<br>PHONE: 917 494-4379<br>leeldavis.com | CONVERTIBLE NOTEHOLDER | | | | $135,195.49 |
| 16 | LEE H. DAVIS LEGACY TRUST<br>FBO KIMBERLY DAVIS SPERLING<br>ATTN: LEE DAVIS<br>1700 LINCOLN STREET, SUITE 2550<br>DENVER, CO 80203 | CONTACT: LEE DAVIS<br>PHONE: 917 494-4379<br>leeldavis.com | CONVERTIBLE NOTEHOLDER | | | | $135,195.49 |
| 17 | APPLIED MICRO ELECTRONICS "AME" BV<br>ATTN: MARC F VAN SLOUN<br>ESP 100<br>EINDHOVEN 5633 AA THE NETHERLANDS | CONTACT: MARC F VAN SLOUN<br>PHONE: 31 040 264 6400<br>FAX: 31 040 264 6419<br>infoame.nu | TRADE DEBT | | | | $130,255.41 |
| 18 | MILLENNIUM TRUST COMPANY<br>FBO: MYRON R. PARR TRADITIONAL IRA<br>FBO: MYRON R. PARR TRADITIONAL IRA<br>577 W. QUIET SPRINGS DRIVE<br>ORO VALLEY, AZ 85755 | | CONVERTIBLE NOTEHOLDER | | | | $116,268.00 |

Debtor: Fallbrook Technologies Inc.    Case Number (if known):

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 19 | HAROLD FEDER<br>P.O. BOX 279<br>DEL MAR, CA  92014 | | CONVERTIBLE NOTEHOLDER / BRIDGE NOTEHOLDER | | $169,105.00 | $108,268.00 | $60,837.00 |
| 20 | LEE H. DAVIS, TRUSTEE OF THE LEE H. DAVIS REVOCABLE TRUST DATED 9175<br>2400 E. CHERRY CREEK SOUTH DRIVE UNIT 406<br>DENVER, CO  80209 | | CONVERTIBLE NOTEHOLDER | | | | $55,016.99 |
| 21 | ASCENDANT ENGINEERING SOLUTIONS, LLC<br>ATTN: MARK C DIGBY, DIRECTOR OF OPERATIONS<br>12303 TECHNOLOGY BOULEVARD SUITE 925<br>AUSTIN, TX  78727 | CONTACT: MARK C DIGBY<br>PHONE: 512-744-1806<br>mdigbyaesaustin.com | TRADE DEBT | | | | $43,357.99 |
| 22 | LESS RAIN<br>ATTN: CARSTEN SCHNEIDER, DIRECTOR<br>MUNZSTRASSE 16<br>BERLIN  BE 10178  GERMANY | CONTACT: CARSTEN SCHNEIDER<br>PHONE: 49 030 28 09 50 20<br>larslessrain.com | TRADE DEBT | | | | $38,488.61 |
| 23 | NOVO PLM INC.<br>7460 WARREN PARKWAY SUITE 100<br>FRISCO, TX  75034 | PHONE: 866 812-2202<br>infonovoplm.com | TRADE DEBT | | | | $37,995.76 |
| 24 | ROY L. BLISS<br>2201 E. 26TH ST.<br>TULSA, OK  74114 | | CONVERTIBLE NOTEHOLDER | | | | $33,799.00 |
| 25 | EXPRESS INFORMATION SYSTEMS, INC.<br>P.O. BOX 691261<br>SAN ANTONIO, TX  78269 | PHONE: 210 614-9410<br>FAX: 210 692-3700 | TRADE DEBT | | | | $17,331.30 |
| 26 | ROBERT SHERR<br>P.O. BOX 3411<br>RANCHO SANTA FE, CA  92067 | | CONVERTIBLE NOTEHOLDER | | | | $16,223.24 |
| 27 | SILS<br>IJSSELDIJK 29<br>APELDOORN  7325 WZ  THE NETHERLANDS | PHONE: 31 0 55 599 4444<br>infoSILS.nl | TRADE DEBT | | | | $12,626.42 |
| 28 | CHAMPIONS MACHINE TOOL SALES INC<br>1151 E CYPRESSWOOD<br>SPRING, TX  77373 | PHONE: 281 355-8665<br>FAX: 512 295-2406 | TRADE DEBT | | | | $12,284.21 |
| 29 | EXPEDITORS INTERNATIONAL BV<br>8000 CENTRE PARK DR., SUITE 150<br>AUSTIN, TX  78754 | | TRADE DEBT | | | | $9,821.37 |
| 30 | VAK MEDIA NET<br>INNER RING 3<br>DEVENTER  7411 PL  THE NETHERLANDS | | TRADE DEBT | | | | $9,646.28 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **FALLBROOK TECHNOLOGIES INC., et al.**[1] | Case No. 18-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Fallbrook Technologies Inc. ("**Fallbrook**"), a Delaware corporation, and certain subsidiaries, who are each debtors and debtors in possession in the above-captioned cases (each a "**Debtor**"), hereby state as follows:

1. The entities listed below each own 10% or more of Fallbrook's Common Equivalent Shares:

    - Macquarie Private Wealth Inc. / MIHI, LLC,
    - NGEN Partners III, L.P.,
    - Robeco Clean Tech Co-Investment Fund II, L.P., and
    - Allison Transmission Inc.

2. The subsidiaries listed below are 100% owned by Fallbrook:

    - Fallbrook Technologies International Co.
    - Hodyon, Inc.

3. Hodyon Finance, Inc. is 100% owned by Hodyon, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Fallbrook Technologies Inc. (7116); Fallbrook Technologies International Co. (7837); Hodyon, Inc. (1078); and Hodyon Finance, Inc. (5973). The Debtors' principal offices are located at 505 Cypress Creek Road, Suite L, Cedar Park, Texas 78613.

01:22662304.3

**Fill in this information to identify the case and this filing:**

Debtor Name: Fallbrook Technologies Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number *(If known)*: _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  2/26/2018
MM / DD / YYYY

✗ /s/ Roy Messing
Signature of individual signing on behalf of debtor

Roy Messing
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non Individual Debtors**