# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **FALLBROOK TECHNOLOGIES INC.**, a Delaware corporation, | Case No. 18-10384 (___) |
| Debtor.[1] | |
| In re: | Chapter 11 |
| **FALLBROOK TECHNOLOGIES INTERNATIONAL CO.**, a Nevada corporation, | Case No. 18-10385 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| **HODYON, INC.**, a Delaware corporation, | Case No. 18-10386 (___) |
| Debtor. | |
| In re: | Chapter 11 |
| **HODYON FINANCE, INC.**, a Delaware corporation, | Case No. 18-10387 (___) |
| Debtor. | |

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form annexed hereto as Exhibit A, pursuant to section 105(a) of title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Fallbrook Technologies Inc. (7116); Fallbrook Technologies International Co. (7837); Hodyon, Inc. (1078); and Hodyon Finance, Inc. (5973). The Debtors' principal offices are located at 505 Cypress Creek Road, Suite L, Cedar Park, Texas 78613.

01:22636038.4

(the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Roy Messing in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), which was filed with the Court concurrently herewith. In further support of this Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of the Debtors' chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the

01:22636038.4

2

appointment of a trustee or examiner and no official committee has been established in these chapter 11 cases.

5. Additional information about the Debtors' business, their capital and debt structure, and the events leading up to the Petition Date can be found in the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1, consolidating the Debtors' chapter 11 cases for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will affect all of the Debtors jointly. For this reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these chapter 11 cases, albeit for procedural purposes only.

7. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for Fallbrook Technologies Inc.

8. The Debtors further request that the caption of these chapter 11 cases be modified as follows to reflect their joint administration:


# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| **FALLBROOK TECHNOLOGIES INC., et al.**[1] | Case No. 18-10384 (___) |
| Debtors. | Jointly Administered |

FN1: The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Fallbrook Technologies Inc. (7116); Fallbrook Technologies International Co. (7837); Hodyon, Inc. (1078); and Hodyon Finance, Inc. (5973). The Debtors' principal offices are located at 505 Cypress Creek Road, Suite L, Cedar Park, Texas 78613.

9. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each of these chapter 11 cases (except that of Fallbrook Technologies Inc.) substantially as follows:

> An order has been entered in this case directing the joint administration for procedural purposes only of the chapter 11 cases of Fallbrook Technologies Inc., Fallbrook Technologies International Co., Hodyon, Inc., and Hodyon Finance, Inc. The docket in the chapter 11 case of Fallbrook Technologies Inc., Case No. 18-10384 (___), should be consulted for all matters concerning this case.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In this case, all of the Debtors are "affiliates," as that term is defined in section

101(2) of the Bankruptcy Code, of Fallbrook Technologies Inc., and, accordingly, the Court has the authority to grant the relief requested herein.

11. Additionally, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases. The joint administration of these chapter 11 cases will permit the Clerk of the Court to utilize a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there likely will be numerous motions, applications, and other pleadings filed in these chapter 11 cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include all of the Debtors' chapter 11 cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration also will enable parties in interest in each of the chapter 11 cases to stay apprised of all of the various matters before the Court.

12. Joint administration of these chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein purely is procedural and is not intended to affect substantive rights. Because these chapter 11 cases involve multiple Debtors, joint administration will reduce significantly the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion also will simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

**NOTICE**

13. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Collateral Agent; (iii) counsel to the

01:22636038.4
5

Bridge Notes Agent; and (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors, as filed with the Debtors' chapter 11 petitions. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 26, 2018  
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jaime Luton Chapman*
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
Jaime Luton Chapman (No. 4936)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

SHEARMAN & STERLING LLP

Ned S. Schodek
Jordan A. Wishnew
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (646) 848-8174

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **FALLBROOK TECHNOLOGIES INC.**, <br> a Delaware corporation, <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 18-10384 (___) |
| In re: <br><br> **FALLBROOK TECHNOLOGIES INTERNATIONAL CO.**, <br> a Nevada corporation, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-10385 (___) |
| In re: <br><br> **HODYON, INC.**, <br> a Delaware corporation, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-10386 (___) |
| In re: <br><br> **HODYON FINANCE, INC.**, <br> a Delaware corporation, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-10387 (___) <br><br> **RE: Docket No. ____** |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order authorizing the joint administration of these chapter 11 cases for procedural purposes only; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Fallbrook Technologies Inc. (7116); Fallbrook Technologies International Co. (7837); Hodyon, Inc. (1078); and Hodyon Finance, Inc. (5973). The Debtors' principal offices are located at 505 Cypress Creek Road, Suite L, Cedar Park, Texas 78613.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:22636038.4

District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, and DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under the case of Fallbrook Technologies Inc., Case No. 18-10384 (___).

3. All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

01:22636038.4

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**FALLBROOK TECHNOLOGIES INC., et al.**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10384 (\_\_\_)<br><br>Jointly Administered |

FN1: The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Fallbrook Technologies Inc. (7116); Fallbrook Technologies International Co. (7837); Hodyon, Inc. (1078); and Hodyon Finance, Inc. (5973). The Debtors' principal offices are located at 505 Cypress Creek Road, Suite L, Cedar Park, Texas 78613.

4. The consolidated caption set forth above satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

5. The Clerk of this Court shall make a docket entry in each of the Debtors' chapter 11 cases (except that of Fallbrook Technologies Inc.) substantially as follows:

> An order has been entered in this case directing the joint administration for procedural purposes only of the chapter 11 cases of Fallbrook Technologies Inc., Fallbrook Technologies International Co., Hodyon, Inc., and Hodyon Finance, Inc. The docket in the chapter 11 case of Fallbrook Technologies Inc., Case No. 18-10384 (\_\_\_), should be consulted for all matters concerning this case.

6. The Clerk of this Court shall maintain a single pleadings docket and file for all of the Debtors' chapter 11 cases, which shall be the pleadings docket and file for Fallbrook Technologies Inc.

       7.       This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

Dated:    February ____, 2018
              Wilmington, Delaware          _____

                                                  United States Bankruptcy Judge